```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
UNITED STATES OF AMERICA,                                    :
                                        Plaintiff,           :
                                                             :            15 Cr. 174 (LGS)
                 -against-                                   :
                                                             :            OPINION AND ORDER
FABIO PORFIRIO LOBO, et al.,                                 :
                                        Defendants.          :
------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/22/17

LORNA G. SCHOFIELD, District Judge:

Defendants Victor Oswaldo Lopez Flores, Carlos Jose Zavala Velasquez, Juan Manuel Avila Meza, Mario Guillermo Mejia Vargas and Ludwig Criss Zelaya Romero (collectively, "Defendants") move for bills of particulars and the production of discovery pursuant to Federal Rule of Criminal Procedure 16 ("Rule 16") and *Brady*. The Government moves to compel the production of reciprocal discovery. The Court has considered all of the parties' submissions, including their letter dated March 20, 2017. For the reasons below, Defendants' motions are denied and the Government's motion is granted.

I. DISCUSSION

    A. **Bill of Particulars**

Defendants seek bills of particulars that specify, among other things, (1) the dates each Defendant joined and last participated in the alleged conspiracy, (2) details regarding each overt act committed in furtherance of the conspiracy, including the dates and locations of each act, and (3) the identities of the alleged co-conspirators, both indicted and un-indicted. Their requests are denied.

Under Federal Rule of Criminal Procedure 7(f), a court "may direct the government to file a bill of particulars." "A bill of particulars enables a defendant to prepare for trial, to prevent

surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Ramirez*, 609 F.3d 495, 503 (2d Cir. 2010) (internal quotation marks omitted). Thus, a bill "is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Chen,* 378 F.3d 151, 163 (2d Cir. 2004) (internal quotation marks omitted). "Moreover, a bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means." *Id.* (internal quotation marks omitted). "Whether to grant a bill of particulars is generally a decision entrusted to the sound discretion of the district court." *Ramirez*, 609 F.3d at 502.

"Acquisition of evidentiary detail is not the function of the bill of particulars." *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990) (internal quotation marks omitted); *accord United States v. Bonventre*, 646 F. App'x 73, 79 (2d Cir. 2016) (summary order) (citing *Torres*, 901 F.2d at 234). "[A] bill of particulars is not a general investigative tool, a discovery device or a means to compel the government to disclose evidence or witnesses to be offered at trial." *United States v. Abakporo*, 959 F. Supp. 2d 382, 389 (S.D.N.Y. 2013) (internal quotation marks omitted). "Accordingly, Courts in this District have routinely denied requests for bills of particulars concerning the 'wheres, whens, and with whoms' of the crime." *United States v. Wey,* No. 15 Cr. 611, 2017 WL 237651, at *19 (S.D.N.Y. Jan. 18, 2017) (internal quotation marks omitted).

The Superseding Indictment and the Government's other disclosures apprise Defendants of the specific acts of which they are accused. The Superseding Indictment alleges that, in or around June 2014, Co-Defendant Fabio Porfirio Lobo introduced Defendants, who were members of the Honduran National Police, to "two purported Mexican drug traffickers, who

2

were in fact confidential sources . . . acting at the direction of the" DEA.  At the meeting, which was videotaped, Defendants allegedly displayed a map of Honduras and "illustrated law enforcement checkpoints and a planned route for the cocaine."  The Superseding Indictment further alleges that Defendants each "agreed to accept a bribe in the amount of approximately $100,000, and to pay their subordinates" additional bribes "in order to provide armed security for the cocaine as it transited Honduras before being imported into the United States."

The Superseding Indictment is supplemented by discovery related to the June 2014 meeting, such as videos obtained by the confidential sources and draft translations of transcripts of the meeting.  The Government also provided search warrant affidavits that describe its investigation and evidence.  The Government avers that its disclosures enabled Defendants to identify the two confidential sources who were present at the June 2014 meeting -- Jose Santos-Pena and his son, Jose Santos-Hernandez -- and 10 other potential witnesses.  Moreover, the Government's opposition brief to the instant motions contains further allegations as to each Defendants' involvement in the charged conspiracy, including alleged conduct dating back to approximately 2004 for Defendants Zalaya Romero and Mejia Vargas.

Given the Superseding Indictment and the Government's disclosures, Defendants have not justified the need for the broad-ranging demands in their respective motions.  *See, e.g.*, *Torres*, 901 F.2d at 233–34 (affirming denial of bill of particulars that sought information regarding when the defendant was "alleged to have joined" narcotics conspiracy, the identities of co-conspirators and the "precise dates and locations" of overt acts); *see also United States v. Parris*, No. 13 Cr. 17, 2014 WL 2745332, at *5 (S.D.N.Y. June 17, 2014) ("It is well settled that defendants need not know the means by which it is claimed they performed acts in furtherance of the conspiracy nor the evidence which the Government intends to adduce to prove their criminal

acts.  Details as to how and when the conspiracy was formed, or when each participant entered it, need not be revealed before trial." (internal quotation marks omitted)).  Each Defendant's motion for a bill of particulars is denied.

### B. Rule 16 Discovery

Defendants also seek further discovery under Rule 16.  Their requests are denied.

Rule 16(a)(1)(E) requires the Government in part "to permit the defendant to inspect and to copy . . . documents" that are (1) "within the government's possession, custody, or control" and (2) "material to preparing the defense."  Evidence is material under Rule 16 "if it could be used to counter the government's case or to bolster a defense; information not meeting either of those criteria is not to be deemed material within the meaning of the Rule."  *United States v. Stevens*, 985 F.2d 1175, 1180 (2d Cir. 1993); *accord United States v. Wallace*, No. 15 Cr. 794, 2016 WL 4367961, at *12 (S.D.N.Y. Aug. 11, 2016).  "The defendant must make a *prima facie* showing of materiality and must offer more than the conclusory allegation that the requested evidence is material."  *United States v. Urena*, 989 F. Supp. 2d 253, 261 (S.D.N.Y. 2013) (internal quotation marks and citations omitted); *see also United States v. Maniktala*, 934 F.2d 25, 28 (2d Cir. 1991) (holding that the defendant must make a prima facie showing of materiality).

As to the requirement that the documents must be within the Government's possession, custody or control, the prosecutor need not have "direct control" of the requested documents. *United States v. Giffen*, 379 F. Supp. 2d 337, 343 (S.D.N.Y. 2004).  Rather, "the prosecution must disclose documents material to the defense (1) that it has actually reviewed, or (2) that are in the possession, custody, or control of a government agency so closely aligned with the prosecution so as to be considered part of the 'prosecution team.'"  *United States v. Chalmers*,

4

410 F. Supp. 2d 278, 289–90 (S.D.N.Y. 2006) (Chin, J.).  However, "[t]he prosecutor need not . . . produce documents from agencies that did not participate in the investigation of the defendant or documents of which it is unaware."  *Giffen*, 379 F. Supp. 2d at 343.

Defendants request documents that the Government sought in its August 8, 2016, request for legal assistance sent to the Government of Honduras (the "MLAT request").  The Government has represented that, at least as of March 20, 2017, it has not received any material from Honduras and will produce the materials to the extent they are subject to its discovery obligations.  In light of these representations, Defendants' motion for materials Honduras may provide in response to the MLAT request is denied as premature.  *See United States v. Santana*, No. 13 Cr. 147, 2015 WL 5781413, at *2 (S.D.N.Y. Oct. 1, 2015) (denying Rule 16 motion based on "the Government's affirmation that it has complied and will continue to comply with its Rule 16 obligations").

Defendant Zavala Velasquez contends that, apart from documents covered by the MLAT request, the Government must produce "copies of any all communications between" the Honduran Special Commission or the Honduran National Police and "any agency of the United States," which relate to Zavala Velasquez.  The Government represents that it is unaware of any such communications.  Because the "prosecutor is not required to conduct a separate investigation for the purpose of responding to a defendant's discovery requests," Defendant Zavala Velasquez's request is denied.  *Giffen*, 379 F. Supp. 2d at 343.  If the Government becomes aware of any such communications, Rule 16 may require their disclosure.  *See id.*

Defendants also demand the Government's witness list.  This request is denied in the absence of "a *specific* showing that disclosure [is] both material to the preparation of the defense and reasonable in light of the circumstances surrounding the case."  *United States v. Bejasa*, 904

F.2d 137, 139–40 (2d Cir. 1990); *accord United States v. Conyers*, No. 15 Cr. 537, 2016 WL 7189850, at *8 (S.D.N.Y. Dec. 9, 2016). Here, the Government's disclosures have already enabled Defendants to identify 12 potential witnesses. The Government has also provided an *ex parte* declaration explaining why further disclosures as to its witnesses may pose substantial risks to the safety of others and the integrity of the ongoing investigation. Given these considerations, Defendants have not made the particularized showing that "disclosure in the ordinary course would be inadequate [in] this case." *Conyers*, 2016 WL 7189850, at *8.

Defendants also request a plethora of information regarding confidential sources and confidential witnesses. "The government generally enjoys a privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *United States v. Jackson*, 345 F.3d 59, 69 (2d Cir. 2003) (internal quotation marks omitted); *accord United States v. Murgio*, No. 15 Cr. 769, 2016 WL 5107128, at *17 (S.D.N.Y. Sept. 19, 2016). This privilege reflects the prosecution's "strong" interest "in protecting the anonymity of informants who furnish information regarding violations of law . . . [.] [W]ithholding an informant's identity improves the chances that such a person will continue providing information and encourages other potential informants to aid the government." *United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997). The privilege, however, "must give way" if, "absent such disclosure, [the defendant] will be deprived of his right to a fair trial." *Id*.

No Defendant has met his burden to show that he will be deprived of his right to a fair trial if the Government does not promptly reveal the identities of confidential sources and related information. The assertion that these confidential informants participated in critical events and may be key witnesses, without further explanation, is insufficient to overcome the privilege at

this stage.  *See United States v. Philippeaux*, No. 13 Cr. 277, 2015 WL 405240, at *4 (S.D.N.Y. Jan. 30, 2015) (noting that to overcome the informant privilege a defendant "must do more than simply show that the informant was a participant in and witness to the crime charged").  This is especially true where, as here, the Government has stated that it will complete its disclosures pursuant to the Jencks Act and *Giglio* at least 10 days prior to the trial date.[1]  *See Murgio*, 2016 WL 5107128, at *18 (denying request to compel disclosure of confidential informants "in light of the Government's indication that it will turn over Section 3500 and *Giglio* material for its witnesses, including any confidential informants or cooperating co-defendants, sufficiently in advance of trial to permit defense counsel adequate time to prepare").

        C.        **Requests for Disclosure of *Brady* and *Giglio* Material**

Defendants also move for disclosure of material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972).  These requests are denied.

"[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."  *Wearry v. Cain*, 136 S. Ct. 1002, 1006 (2016) (quoting *Brady*, 373 U.S. at 87).  In *Giglio*, the Supreme Court made clear that *Brady* applies not only to "exculpatory evidence" but also "[i]mpeachment evidence."  *United States v. Bagley*, 473 U.S. 667, 676 (1985) (citing *Giglio*, 405 U.S. at 154).  Evidence is material under *Brady* and *Giglio* only if it has "a reasonable probability of changing the outcome of the proceedings." *United States v. Coppa*, 267 F.3d 132, 144 (2d Cir. 2001); *accord United States v. Douglas*, 525 F.3d 225, 245 (2d Cir. 2008).

---

[1] Likewise, Defendant Avila Meza's request for the name of individuals who created the photographs and videos produced during discovery is denied as it seeks a premature identification of potential Government witnesses.

7

"[A]s a general rule, *Brad*y and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *Coppa*, 267 F.3d at 146. Rather, *Brady* material "may be deemed suppressed" only where it is "not disclosed in sufficient time to afford the defense an opportunity for [its effective] use." *Douglas*, 525 F.3d at 245; *see also Coppa*, 267 F.3d at 146.

The Government represents that it understands its discovery obligations, has complied with these obligations and will continue to comply in the future. The Government also acknowledges that some of the information requested by Defendants may have impeachment value under *Giglio*. Specifically, Defendants demand (1) "evidence relevant to the reliability of the two informants [Santos-Hernandez and Santos-Pena] at the June 2014 meeting" and (2) evidence regarding payments by law enforcement to informants or cooperators.

The Government responds that it has voluntarily made early disclosure of *Giglio* material with respect to Santos-Pena and Santos-Henandez. It notes that it produced to Defendants transcripts of the suppression hearings in *United States v. Campo Flores*, No. 15 Cr. 765 (S.D.N.Y.), at which both Santos-Pena and Santos-Hernandez testified, and the trial testimony of Santos-Pena in the same case. The Government also states that it will make any further disclosures for Santos-Pena and Santos-Hernandez at the same time it produces Jencks Act and *Giglio* material for the other witnesses, which will occur "at least 10 days prior to trial." This approach comports with "the practice in the Southern District of New York," which is that the prosecution produces Jencks Act and *Giglio* "material a week or two before the start of trial, depending on the complexity of the case." *United States v. Espinal*, 96 F. Supp. 3d 53, 66 (S.D.N.Y. 2015) (Chin, J.); *see also, e.g.*, *Conyers*, 2016 WL 7189850, at *8 (denying request for *Giglio* material where the Government stated it intended to produce *Giglio* material "at least

one week before the testimony of non-civilian and cooperating witnesses and at least one day before the testimony of civilian witnesses").

Defendant Avila Meza argues that the timing of the disclosures is inadequate because he intends to assert an entrapment defense and that "the prominence of entrapment as a defense in this case elevates the materiality of the impeachment evidence" as to Santos-Pena and Santos-Hernandez.  Although this evidence may be integral to Defendant Avila Meza's defense, he has not shown that he will be unable to use the *Giglio* material effectively if it is disclosed on the Government's proposed timeline.  He argues that "independent investigation" will be required of the *Giglio* material, but this conclusory assertion is unconvincing, especially given the amount of impeachment evidence in the form of prior testimony already produced.  *Cf. United States v. Persico*, 645 F.3d 85, 111 (2d Cir. 2011) ("[W]here the undisclosed evidence merely furnishes an additional basis on which to challenge a witness whose credibility has already been shown to be questionable or is subject to extensive attack by reason of other evidence, the undisclosed evidence may properly be viewed as cumulative, and hence not material, and not worthy of a new trial.").

### D. The Government's Request for Discovery Under Rule 16

The Government requests reciprocal discovery of documents pursuant to Rule 16(b)(1)(A)–(B).  Rule 16(b)(1) provides that the Government is entitled to certain discovery within a defendant's possession, custody or control if the Government complies with its Rule 16 discovery obligations.  For the reasons stated above, the Government has complied with its discovery obligations, including under Rule 16.

The Government requests documents related to a potential "public authority defense" that an attorney acting on behalf of Defendant Zavala Velasquez who was not ultimately retained to

represent him asserted she possessed. To the extent that Defendant Zavala Velasquez has possession, custody or control of such documents and intends to use them in his case-in-chief at trial, he shall produce them by April 7, 2017.

Defendant Avila Meza states that he has "copies of certain records pertaining to [his] reciprocal discovery obligation" but argues that he need not produce them now because the Government has not complied with its discovery obligations. This argument is rejected because the Government has complied with its Rule 16 discovery obligations. By April 7, 2017, he shall produce such documents. Likewise, because the Government is entitled to the reciprocal discovery, all other Defendants must produce documents pursuant to Rule 16(b)(1)(A)–(B) by April 7, 2017.

## II. CONCLUSION

Any of Defendants' other arguments that were not addressed herein have been considered and rejected. Defendants' discovery motions are DENIED, and the Government's motion for reciprocal discovery pursuant to Rule 16 is GRANTED.

No later than fourteen (14) days after receipt of material produced in response to the MLAT request, the Government must produce to Defendants any materials that are discoverable under Rule 16.

By April 7, 2017:

- Defendant Zavala Velasquez must produce documents relating to the public authority defense to the extent that Defendant Zavala Velasquez has possession, custody or control of such documents and the documents are otherwise discoverable under Rule 16(b)(1)(A);

- Defendant Avila Meza must produce the records that he referred to as pertaining to his reciprocal discovery obligation; and

- all Defendants must produce other documents pursuant to Rule 16(b)(1)(A)–(B) by April 7, 2017.  These discovery obligations are continuing for any documents for which Defendants obtain possession, custody or control and are discoverable under Rule 16(b)(A)–(B) after April 7, 2017.

The Clerk of Court is respectfully directed to close the motions at Docket Numbers 93, 95, 96 and 105.

Dated: March 22, 2017
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**