```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
   UNITED STATES OF AMERICA,                                  :
                                                              :
                                                              :  15 Crim. 174 (LGS)
                       -against-                              :
                                                              :  OPINION AND ORDER
   LUDWIG CRISS ZELAYA-ROMERO,                                :
                                                              :
                                       Defendant.             :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

Defendant moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Government opposes the motion. For the reasons below, the motion is denied.

I.  **BACKGROUND**

Defendant was a member of the Honduran National Police. Prior to his arrest, Defendant used his position to assist the "Cachiros," a violent drug trafficking organization, in its distribution of large quantities of cocaine from South America to the United States through Honduras. Defendant was indicted on June 29, 2016, and Honduras extradited him to the United States on December 14, 2016.

On April 16, 2018, Defendant pleaded guilty to (1) one count of participating in a conspiracy to import cocaine into the United States between 2004 and approximately June 2014 in violation of 21 U.S.C. § 963 and (2) one count of participating in a conspiracy to use and carry firearms in relation to a drug trafficking conspiracy in violation of 18 U.S.C. § 924(o).

Defendant was sentenced on May 10, 2021. The parties agreed, and the Court calculated, that under the United States Sentencing Guidelines ("Guidelines"), Defendant's offense level was thirty-eight and his criminal history category was I, which resulted in a recommended sentencing range of 235 to 293 months. Defendant's counsel addressed several mitigating factors at

sentencing, including that Defendant turned himself in and confessed, that he struggles with mental and physical health problems, that he may experience violence in prison due to being a former police officer and will be deported after release. Defendant himself also described mitigating factors at the sentencing hearing. The Probation Department recommended a Guidelines sentence of 235 months and no fine. The Government sought a Guidelines sentence of at least 235 months and a $5 million fine. Defendant's counsel requested a below-Guidelines sentence of eighty-four months and no fine. Defendant was sentenced to 144 months in prison, which was a downward variance of ninety-one months from the low end of the Guidelines recommendation. He is scheduled to be released in approximately December 2025.

The variance was based in part on the mitigating factors presented by Defendant's counsel. The Court advised Defendant, "that you have a very good lawyer. He's made many submissions on your behalf, and he told me all of the things that you have told me and much more . . . ." The Court recounted the nature and circumstances of Defendant's offense, namely that he had used his law enforcement position to further the drug trafficking activities of the Cachiros, that he had recruited and trained others to participate in the conspiracy, that he was responsible for distributing hundreds of kilograms of cocaine intended for the U.S. and that he had participated in murders and attempted murders on behalf of the Cachiros, including killing one person himself (though allegedly under duress). The Court also recounted the harsh conditions of Defendant's confinement prior to sentencing, particularly during the January 2019 blackout at the Metropolitan Detention Center and during the pandemic, during which Defendant had contracted COVID-19. The Court recounted information about Defendant's family and his difficult upbringing, his efforts at rehabilitation while incarcerated and his physical and mental health struggles, including his purportedly impaired decision-making at the time of the crimes. The Court also considered the sentences of Defendant's co-defendants and how their involvement and circumstances compared to his.

Defendant initially appealed his sentence but later withdrew this appeal. Defendant applied to vacate, set aside or correct his sentence on a 28 U.S.C. § 2255 petition, which was denied. *See Zelaya-Romero v. United States*, No. 15 Crim. 174, 2023 WL 3001871 (S.D.N.Y. Apr. 19, 2023). Defendant submitted a compassionate release request to the Warden of USP Yazoo City. In his request to the Bureau of Prisons, Defendant raised substantially the same arguments he advances here, specifically, "my vulnerability to COVID-19 and its variants and subvariants, *Smith* variance, and so I can care for my mother, wife, and daughter . . . ." On or about July 20, 2023, the Warden of USP Yazoo City responded, denying Defendant's request for compassionate release. Defendant then filed the instant Motion, which seeks a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).

## II.  STANDARD

Defendant moves for a reduction of his term of imprisonment under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act of 2018. Under that provision, a court may reduce a sentence upon a finding that (1) an inmate exhausted his administrative remedies by requesting relief from prison authorities; (2) "extraordinary and compelling reasons warrant such a reduction"; and (3) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021).[1] Under the First Step Act, a court may exercise its "discretion in determining what are extraordinary circumstances." *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020). The defendant bears the burden of showing he is entitled to a sentence reduction. *See United States v. Jones*, 17 F.4th 371, 375 (2d Cir. 2021). If the defendant establishes extraordinary or compelling circumstances, a court must still consider the § 3553(a) sentencing factors "to the extent they are

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

applicable." 18 U.S.C. § 3582(c)(1)(A); *see also Keitt*, 21 F.4th at 71. Those factors include "(1) the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" (3) "the need for the sentence imposed . . . to protect the public from further crimes of the defendant;" (4) "the need for the sentence imposed . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;" and (5) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. §§ 3553(a)(1)-(2), (6); *see also Keitt*, 21 F.4th at 71.

Because Defendant filed his motion pro se, the motion is construed liberally and read as raising the strongest arguments it suggests. *See United States v. Pilcher*, 950 F.3d 39, 44 (2d Cir. 2020).

**III.   DISCUSSION**

The parties do not dispute that Defendant has exhausted his administrative remedies. However, Defendant has not shown extraordinary and compelling circumstances that justify a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) to time served. Defendant's motion is denied.

"[A] district court's discretion in this area -- as in all sentencing matters -- is broad." *Brooker*, 976 F.3d at 237. "Where no single factor alone may justify release, the total circumstances may still rise to the level of extraordinary and compelling reasons for release." *United States v. Resto*, No. 8 Crim. 757, 2021 WL 1109467, at *2 (S.D.N.Y. Mar. 23, 2021).

Defendant argues that extraordinary circumstances exist principally because of the ongoing dangers posed by COVID-19 and the need to care for his family members, who reside in Honduras and Mexico.

4

### A. COVID-19

During the height of the pandemic, COVID-19 sometimes provided an extraordinary and compelling reason for a sentence reduction, particularly for Defendants with serious comorbidities. *See, e.g.*, *United States v. Rodriguez*, 492 F. Supp. 3d 306, 310 (S.D.N.Y. 2020). Courts more recently have been reluctant to apply a sentence reduction where "the defendant's medical conditions are under control," *United States v. Sanchez*, No. 1 Crim. 74-2, 2022 WL 4298694, at *2 (S.D.N.Y. Sept. 19, 2022), and where the defendant is fully vaccinated, *see, e.g.*, *United States v. Jones*, No. 17 Crim. 214, 2021 WL 4120622, at *2 (S.D.N.Y. Sept. 8, 2021) ("As several courts have concluded, the risk of COVID-19 for a vaccinated individual is substantially reduced to the point that a defendant will typically not be able to demonstrate extraordinary and compelling reasons after he has been vaccinated.").

While the harshness of Defendant's incarceration and his medical conditions have been exacerbated by the COVID-19 pandemic, its impact on Defendant does not rise to the level of extraordinary and compelling reasons. Defendant is fully vaccinated and has some immunity from having contracted COVID-19 at least twice. Defendant states that he has been awaiting back surgery since 2015, but does not argue that he has a medical condition that leaves him at a higher risk of serious illness if he contracts COVID-19.

The harshness of the pandemic and the risk to Defendant's health have now been mitigated to the point that they do not provide extraordinary and compelling reasons for a sentence reduction at this time. *See United States v. Rojas*, No. 19 Crim. 467, 2022 WL 14784607, at *3-4 (S.D.N.Y. Oct. 26, 2022) (addressing similar facts and collecting cases); *United States v. Simon*, No. 18 Crim. 339-1, 2022 WL 17414349, at *3 (S.D.N.Y. Dec. 5, 2022); *see also Inmate COVID-19 Data*, Federal Bureau of Prisons, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp

(accessed Apr. 11, 2024) (indicating that as of April 10, 2024, there are 8 open cases of COVID-19 among the inmate population of 4,467 persons).[2]

If Defendant's health or the conditions of his confinement materially worsen, the analysis may be different, but the current impact of COVID-19 is insufficient.

### B. Family Circumstances

Defendant also states that the need to care for his wife, daughters and mother are extraordinary circumstances warranting his release. Family circumstances can be extraordinary and compelling when a defendant shows the death or incapacitation of the family member caregiver of the inmate's child, or the incapacitation of the inmate's spouse or registered partner. *See* U.S. Sent'g Guidelines Manual §§ 1B1.13(b)(3)(A)-(C) (U.S. Sent'g Comm'n 2023). Defendant has not shown extraordinary or compelling family circumstances.

Although his wife suffers from heart disease, Defendant does not allege that she is unable to care for Defendant's children or is incapacitated. Though his mother is aging, the Motion states that she can take care of herself. Defendant's family circumstances were considered in arriving at the original sentence imposed. Defendant has not identified a change in those circumstances that would warrant a different sentence. Defendant has not established "extraordinary and compelling" circumstances to justify compassionate release.

---

[2] The federal correctional complex at Yazoo City is comprised of three facilities: FCI Yazoo City Medium, FCI Yazoo City Low and USP Yazoo City. Defendant is currently incarcerated at USP Yazoo City. The Federal Bureau of Prisons statistics do not provide information relating to COVID-19 cases at each individual facility, instead aggregating data at all three facilities.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's motion for a sentence reduction to time served is **DENIED**.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 587.

Dated:  April 12, 2024
         New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**