UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                       :
    UNITED STATES OF AMERICA,                          :
                                                       :        15 Crim. 174-02 (LGS)
                  -against-                             :
                                                       :              ORDER
    LUDWIG CRISS ZELAYA ROMERO,                        :
                                     Defendant.   :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendant Ludwig Criss Zelaya Romero, proceeding pro se, seeks relief

relating to his imprisonment.  Specifically, Defendant seeks (1) an order relating to his eligibility

for earned time credits under the First Step Act, (2) an order requiring United States Immigration

and Customs Enforcement ("ICE") to provide him with a final order of removal and other

documents and (3) a certificate explaining what charges form the basis for his extradition and his

eligibility for expedited removal.

WHEREAS, with respect to Defendant's first request relating to earned time credits:

Any request for relief relating to Defendant's eligibility for earned time credits, including early

release based on those earned time credits, must be made through a petition for habeas corpus

under 28 U.S.C. § 2241.  *See Rivera-Perez v. Stover*, 171 F.4th 196, 200 (2d Cir. 2026) ("Habeas

petitions filed under 28 U.S.C. § 2241 . . . challenge the *execution* of a federal prisoner's

sentence, including such matters as . . . computation of a prisoner's sentence by prison

officials . . . .").  Petitions under 28 U.S.C. § 2241 generally must be filed in the district of

confinement (that is, the district where Defendant is physically located) -- not with the court that

imposed Defendant's sentence.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004).  However,

Defendant is also advised that he appears to be ineligible to apply earned time credits to reduce

his sentence because he is subject to a final order of removal.  *See* 18 U.S.C. § 3632(d)(4)(E)(i). This ineligibility will pose a significant barrier to any future habeas petition relating to Defendant's earned time credits.

WHEREAS, with respect to Defendant's second request to obtain a final order of removal:  It appears that Defendant is already in possession of a document that is considered a final order of removal.  The Notice and Order of Expedited Removal, included in Exhibit B of Defendant's filing, is a final order of removal barring Defendant from receiving earned time credits.  Defendant argues that he is not subject to a final order of removal because he was not ordered removed at a hearing by an immigration judge.  However, a notice and order of expedited removal, like the one Defendant submitted, is a final order of removal for the purpose of 18 U.S.C. § 3632(d)(4)(E)(i).  *See Portocarrero-Valencia v. Warden, FCI Otisville*, No. 24 Civ. 6413, 2025 WL 670911, at *5 (S.D.N.Y. Feb. 28, 2025).  The Immigration and Nationality Act authorizes expedited removal without a hearing before an immigration judge.  *See* 8 U.S.C. § 1225(b)(1)(A).  The Department of Homeland Security Immigration Detainer, included in Exhibit B of Defendant's filing, suggests that ICE may take custody of Defendant and act on the notice of removal when Defendant has finished serving his sentence, which according to the Bureau of Prisons is on October 3, 2026.

WHEREAS, Defendant seeks to challenge the Notice and Order of Expedited Removal on legal and constitutional grounds.  Any challenge in court to the Notice and Order of Expedited Removal must be made by a writ of habeas corpus.  *See* 8 U.S.C. § 1252(a)(2)(A), (e). Habeas review of an order of expedited removal is limited to "three matters:  first, 'whether the petitioner is an alien'; second, 'whether the petitioner was ordered removed'; and third, whether the petitioner has already been granted entry as a lawful permanent resident, refugee, or asylee."

*Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 111 (2020) (quoting 8 U.S.C. § 1252(e)(2)(A)-(C)).  Defendant is advised that, liberally construed, his arguments do not appear to implicate any of those matters, which will likely pose a barrier to habeas relief.

WHEREAS, Defendant's submission also includes a Final Administrative Removal Order issued pursuant to 8 U.S.C. § 1228, included in Exhibit D of Defendant's filing.  This document does not include Defendant's name, and Defendant's memoranda indicate that Defendant included this document only to contrast Final Administrative Removal Orders with the Notice and Order of Expedited Removal that he received.  Like the Notice and Order of Expedited Removal, which Defendant received, a Final Administrative Removal Order is also a final order of removal for the purpose of 18 U.S.C. § 3632(d)(4)(E)(i), barring the receipt of earned time credits.  *See United States v. Piña*, No. 1 Crim. 619, 2023 WL 8759830, at *6 (S.D.N.Y. Dec. 19, 2023).

WHEREAS, with respect to Defendant's third request:  Because Defendant seeks a certificate explaining what charges form the basis for his extradition, Defendant will be mailed the judgment in this case, which includes the charges of which he was convicted.  Defendant also seeks an explanation of his eligibility for removal.  As explained above, this Court is powerless to review any order of removal issued to Defendant.  Instead, such relief must be sought by habeas petition or with the appropriate court of appeals.  It is hereby

**ORDERED** that Defendant's motion is **GRANTED**, to the extent he is provided with a copy of the judgment in this case, and is otherwise **DENIED**.

The Clerk of Court is respectfully directed to mail a copy of this Order and the Judgment at Docket Number 519 to pro se Defendant.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated: May 7, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE